IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: James Frederic Harris §  Case No. **16-51721K**
§
Debtor(s) § CHAPTER 13 PLAN

**AMENDED**

---

To the Honorable United States Bankruptcy Judge:

Comes now the Debtor(s) herein and, as required by 11 U.S.C. §1321, files this Debtor's Chapter 13 plan, and in support thereof would show the Court as follows:

### Monthly Plan Payment

Debtor(s) shall each month submit such portion of Debtor's future earnings (or other future income) to the supervision and control of the Chapter 13 Trustee as is necessary for the execution of this plan. Payments by Debtor to the Trustee shall begin within thirty (30) days after the date the Order for relief is entered unless otherwise allowed by the Court. The Debtor's monthly plan payment shall be an amount equal to the Debtor's monthly disposable income or an amount sufficient to pay the claims of general unsecured creditors in full over the term of the plan, whichever first occurs.

### Duration of Plan

The term of the plan shall not exceed sixty (60) months from the date the first monthly plan payment is due or until the claims of general unsecured creditors are paid in full, whichever first occurs, provided that the term may be extended by the granting of a moratorium by the Court after proper notice and opportunity for hearing, or other modification of the plan granted by the Court after proper notice and opportunity for hearing. Regardless of the total term, unless there has been a change in circumstances, the plan shall be deemed to have been completed when the Chapter 13 Trustee has received from or on behalf of the Debtor(s) an amount equal to the number of months specified in the Plan times the monthly plan payment or an amount necessary to pay the claims of general unsecured creditors in full, whichever first occurs, and as adjusted by any post-confirmation modifications of the amount of the monthly plan payment.

### Payment of Claims

Allowed claims shall be paid to the holders thereof in accordance with the terms hereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims (TRCC).

**Local Rule 3002 provides, in part, that EVERY creditor filing a proof of claim in all cases SHALL transmit a copy with attachments, if any, to the Debtor's attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case.**

**A. Administrative Expenses:** The Trustee shall pay the expenses, as prescribed by the Court, for administering the plan. The first monthly plan payment shall be paid to the Debtor's attorney as attorney's fees. The balance, if any, of Debtor's attorney's fees shall be paid concurrently with allowed secured claims in consecutive monthly installments. Such fees shall be paid in full prior to any payments being made to general unsecured creditors. Once Debtor's attorney fees are paid in full, those funds will be paid, pro rata, first to secured creditors, then to priority creditors and then to unsecured creditors.

**B. Priority Claims:** Other than Debtor's attorneys' fees, payment of which is provided for in the preceding paragraph, claims entitled to priority under 11 U.S.C. §507, except a claim entitled to priority under §507(a)(1)(B), shall be paid in full, pro rata, unless a specific payment amount is assigned to a particular priority claim, in deferred installments as funds become available upon completion of payment of attorneys' fees and allowed secured claims. The holder of any such claim may agree to a different treatment of such claim. Claims allowed under §507(a)(1)(B) are not dischargeable and may be paid less than the full amount only if the Debtor's disposable income is paid into the plan for 5 years.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: James Frederic Harris § Case No. 16-51721K
§
Debtor(s) § CHAPTER 13 PLAN

*AMENDED*

Continuation Sheet # 1

---

**C. Secured Claims:** In the event a secured claim is treated pursuant to 11 U.S.C. §1325(a)(5)(B), secured creditors whose claims are allowed shall be paid, in consecutive monthly installments, a principal amount equal to the value of their collateral or the amount of their net claim, whichever is less, plus interest thereon at the applicable rate. Unless objected to, the monthly installments proposed by the Debtor will be considered to provide adequate protection to such creditor during the term of the plan. The holders of such claims shall retain their liens on the collateral which is security for such claims (except for those liens which the Debtor(s) avoids by proper pleading and opportunity for hearing thereon) until the earlier of the payment of the underlying debt (determined under non-bankruptcy law) or discharge pursuant to §1328. If the case is dismissed or converted without completion of the plan, such lien is retained to the extent allowed by applicable non-bankruptcy law. The value of the collateral shall be deemed to be the value established by the Debtor, subject to objection, and, accordingly, the amount of the secured claim shall be established in the manner provided by the Local Rules and Standing Order of the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral, which claim and collateral was not dealt with by the Debtor's plan, the collateral will be deemed valued by the Court at the amount set forth in the Trustee's Recommendation Concerning Claims (TRCC), unless a response and objection to the TRCC is timely filed.

**D. Unsecured Claims:** Unsecured claims may be separately classified provided, however, that all claims within a particular class shall be treated the same. Any unsecured claim not over $50.00 may be paid pro rata, in equal installments or in full, at the election of the Trustee. The classes, generally, will be as follows:

    **1. General unsecured:** The class of "general unsecured" claims shall comprise the claims of all creditors holding unsecured nonpriority claims, not otherwise designated as "special class" unsecured claims, including the unsecured portion of a secured creditor's bifurcated claim (i.e., the difference between the value of the collateral and the total amount of the claim) and secured claims the liens securing which have been avoided. Payments to general unsecured creditors shall be made on a pro rata basis as funds become available after secured and priority claims have been paid in full. The amount paid to general unsecured claimants shall depend on such factors as the total amount of claims actually filed and allowed, but the total amount paid to unsecured creditors shall be equal to or greater than the amount such creditors would receive, as of the effective date of the plan, if the Debtor's estate were liquidated under Chapter 7 of the United States Bankruptcy Code. In the event the Debtor owns non-exempt assets the liquidation of which would result in the immediate payment in full of all allowed general unsecured claims were the Debtor's estate liquidated under Chapter 7 of the United States Bankruptcy Code, then the Debtor shall pay the holders of such claim interest at the rate of five percent (5%) per annum on allowed claims over the term of the Chapter 13 plan. Interest that would otherwise accrue during the life of the plan is discharged upon completion of the plan, except for any interest accruing on a debt to any general unsecured creditor whose debt (and/or interest) is nondischargeable under the law.

    **2. Special class:** The class of "special class" claims shall comprise those claims that would otherwise be general unsecured claims but that the Debtor(s) has elected to pay in full despite the fact that general unsecured claims are not paid in full. Such claims include, but are not limited to, claims arising out of consumer debts for which any individual is liable with the Debtor by way of co-signature, guarantee, endorsement or otherwise ("co-signed debts"), claims based on NSF checks (or any other claims which might result in criminal prosecution), and student loans.

**Vesting of Estate Property**

Upon confirmation of the plan, all property of the estate shall not vest in the Debtor(s), but shall remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: **James Frederic Harris** § Case No. **16-51721K**
§
Debtor(s) § **CHAPTER 13 PLAN**

***AMENDED***

Continuation Sheet # 2

---

### Executory Contracts/Unexpired Leases:

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume or assign the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Indian Hollow | Apartment lease | Assumed | No |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### Direct Payments to Creditors

Certain claims may be paid directly to the holders thereof, not by the Chapter 13 Trustee, but rather by the Debtor(s) or some other party who shall be deemed acting as disbursing agent of the Trustee for payment of such claims. Creditors receiving such direct payments outside the plan may continue to issue payment books, coupons and any other method normally used to make and receive periodic payments and this shall not violate the provisions of 11 U.S.C. § 362.

Such payments shall be made in addition to the payments by Debtor to the Trustee as herein set forth.

If a creditor is allowed by Court Order to foreclose on, or otherwise take back his/her property, such creditor must notify the Chapter 13 Trustee immediately upon regaining the property. Upon entry of an Order Lifting Stay, the Trustee shall stop any further payment on that claim.

Any creditor who has obtained an order lifting the automatic stay, or an inferior lienholder in the case desiring to file a deficiency claim, must file such claim by amending or replacing their claim within 90 days of the property's reversion to the first lienholder.

### Long Term Debts

Any amount not paid during the term of the plan on secured debts upon which the last payment is due after the final payment under the plan is due ("long term debts") shall not be discharged. In the event the debt is secured by any real or personal property and either the holder of such secured claim obtains relief from the stay of 11 U.S.C. §362 for the purpose of foreclosing its lien on or security interest in such property or the Debtor elects to surrender the property to the creditor, then the entire debt shall be discharged pursuant to 11 U.S.C. §1328(a) or 11 U.S.C. §1328(b) and shall not be excepted from such discharge by 11 U.S.C. §1328(a)(1) or 11 U.S.C §1328(c)(1). A creditor may file an unsecured claim in the amount of any resulting deficiency after the collateral is liquidated and the proceeds thereof applied against the claim within ninety (90) days of such liquidation unless the Court orders otherwise.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: James Frederic Harris § Case No. 16-51721K
§
Debtor(s) § CHAPTER 13 PLAN

**AMENDED**

Continuation Sheet # 3

### Additional Provisions

Additional information, provisions and requirements are set forth in the Local Rules and Standing Orders of the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines which will be mailed to all parties affected hereby. These documents should be consulted in connection with any analysis of this plan and the effect thereof.

Proposed payments to individual creditors and the amount of payments to unsecured creditors may change as a result of the Meeting of Creditors or as Proofs of Claim are filed and allowed. Creditors may wish to attend the meeting of creditors and should be aware of any changes. All changes will be listed in the TRCC which will be served on all creditors after the deadline for filing proofs of claim has expired.

### Specific Treatment for Payment of Allowed Claims

These are proposed treatments. Actual treatment may be different. When claims are finalized, you will be served with the "Trustee's Recommendation Concerning Claims" and the opportunity to object.

### 1. DIRECT PAYMENTS TO CREDITORS

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| Attorney General/State of Texas | DSO Liza Harris | $2,008.95 | $401.79 |

### 2. SECURED CREDITORS: (Refer to paragraph C)

| Creditor / Collateral / Remarks | Estimated Amount | Estimated Value | Unsecured Portion | Mo. Pmt or Method of Disb. | Insured (Yes/No) Name of Insurance | Indicated if to be Sold or Returned | Interest Rate |
|---|---|---|---|---|---|---|---|
| Kia Motors Finance Co<br>2014 Kia Foret EX<br>Pay 506CLM @ $445/m beg. mo5 | $12,894.00 | $12,900.00 | $0.00 | $613.52 Avg. | Yes | | 6.5% |

### 3. PRIORITY CREDITORS: (Refer to paragraph B)

| Creditor | Estimated Amount of Debt | Payment Method<br>1. Before<br>2. After<br>3. Along With Secured Creditors | Remarks |
|---|---|---|---|
| Malaise Law Firm | $3,400.00 | Along With | See Plan Provisions |

### 4. SPECIAL CLASS UNSECURED CREDITORS: (Refer to paragraph D-2)

| Creditor / Remarks | Special Condition | Estimated Debt | Mo. Pmt or Method of Disb. on Est. Value |
|---|---|---|---|
| | | | |

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: James Frederic Harris § Case No. 16-51721K
§
Debtor(s) § CHAPTER 13 PLAN

*AMENDED*

Continuation Sheet # 4

## 5. GENERAL UNSECURED CREDITORS: (Refer to paragraph D-1)

| Creditor | Estimated Debt | Remarks |
|---|---:|---|
| ACE Cash Express | $1,616.96 | |
| CashNetUSA | $0.00 | |
| JBC Funding, LLC | $450.00 | |
| John Kickson MD, PA | $82.00 | |
| Military Star/AAFES | $2,086.00 | |
| Moneykey | $250.00 | |
| NCP Finance Limited Partnership | $800.00 | |
| Nelnet | $50,084.50 | |
| Pediatric Specialists of Texas | $13.00 | |
| Pinnacle Credit Services | $610.00 | |
| Quest Diagnostics | $16.00 | |
| Synchrony Bank/Care Credit | $4,434.97 | |
| Texas Higher Education | $22,762.34 | |
| Texas Workforce Comission | $8,000.00 | |
| The Cash Store | $265.00 | |
| Toyota Motor Credit Company | $8,226.00 | |
| USAA Insurance | $2,508.73 | |
| USAA Savings Bank | $6,194.00 | |
| Veterans Affairs Regional Office | $3,000.00 | |

### Totals

Priority **$3,400.00** , Secured **$12,894.00** , Special Class **$0.00** , Unsecured **$111,399.50** .

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | | |
|---|---|---|---|
| IN RE: James Frederic Harris | § § § | Case No. 16-51721K | |
| Debtor(s) | | CHAPTER 13 PLAN | |

**AMENDED**

Continuation Sheet # 5

## General Information

> **NOTICE:** Local Rule 3002 provides, in part:
>
> *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any to the Debtor's Attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case."*

Creditors are hereby notified that WITHOUT FURTHER NOTICE the Plan may be amended at the Meeting of Creditors (341(a) meeting). Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments and estimates of the allowed claims may also change. The following information is an attempt to advise Creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the First Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the office of the United States Bankruptcy Clerk in San Antonio, Texas.

1. The Debtor's Plan Payment is scheduled at _____ **Variable Payments** _____. ☑ Pay Order, ☐ Pay Order waived.

2. The Plan proposes to pay in full all allowed priority, special class and secured claims to the extent of the value of the collateral and a total of no less than **$7,585.14** will be paid to nonpriority unsecured creditors with allowed claims during the Plan. Unsecured creditors will receive approximately **7%** of allowed claims. (See Note 1).

3. Value of non-exempt assets _____ **$0.00** _____, ☑ Federal or ☐ State exemptions; ☑ Consumer Debtor or ☐ Business Debtor.

4. Current Monthly Income **$2,294.84** , - Amounts Reasonably Necessary to Be Expended _____ =
   Monthly Disposable Income _____. (From Form B22C)

and/or

5. Monthly net income from Schedule I **$3,648.95** , - Expenses from Schedule J **$3,208.95** =
   Excess income **$440.00**

6. If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in the "Specific Treatment of Allowed Claims" set forth above.

Note 1: Creditors should note that the Debtor's projection of the percentage payment of allowed general unsecured claims is only an estimate. Such percentage is based upon the amount of debt of all classes listed by the Debtor(s) in the Debtor(s) schedules filed with the Court. If claims or amended claims are filed and allowed by the Court in an amount greater or lesser than that scheduled by the Debtor(s), the percentage paid to unsecured creditors may be different than is estimated here.

## SUPPLEMENTAL PLAN PROVISIONS

The above plan is a uniform Chapter 13 plan adopted for use in the San Antonio Division of the Western District of Texas. None of its provisions can be altered except as hereinafter set forth in this Supplemental Plan Provision. To the extent any provision of the Supplemental Plan is in conflict with the provisions in the uniform plan, the Supplemental Plan shall prevail. Any provisions in the Supplemental Plan not provided for in the uniform plan shall become a part of the plan in addition to the provisions of the uniform plan.

The following are the Supplemental Plan Provisions:

**Plan Length**

37 months

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: James Frederic Harris | § § § | Case No. 16-51721K |
| Debtor(s) | § | CHAPTER 13 PLAN |

**AMENDED**

Continuation Sheet # 6

---

### Attorney Fees

Pay fees in full first 4mo's then $100/mo or more as funds become available, pursuant to paragraph f, 2006 Standing Order.

### Confirmation Provision

Entry of an order confirming this plan does not affect or inhibit the Trustee's avoidance powers as set forth in 11 U.S.C. §§ 544-548.

### 506 CLM

All secured claims not subject to subparagraphs (a) or (b) of this provision, shall be subject to cram down under § 506(a). Unless otherwise indicated, these claims are secured only to the extent of the value of the creditor's interest in the collateral, and shall be paid the amount of the Market Value listed herein, or the full amount of the net claim listed on the creditor's proof of claim, whichever is less. The amount, if any, of the net claim in excess of the Market Value shall automatically be reclassified and treated as unsecured in that amount. A creditor that objects to the proposed value must timely object to the confirmation of the Plan.

### Special Provision

Debtor owes arrears on an apartment lease at Indian Hollow Apartments in the amount of $3,024.00. Debtor will pay Indian Hollow Apartments $90.00 per month beginning November 2016 re payment toward the arrears.

Respectfully submitted this date: __OCT 2 7 2016__

_/s/ James Frederic Harris_

James Frederic Harris

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: James Frederic Harris     CASE NO   16-51721K

Debtor(s)     CHAPTER   13

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/01/2016 | $440.00 | 21 | 05/01/2018 | $842.00 | 41 | | |
| 2 | 10/01/2016 | $440.00 | 22 | 06/01/2018 | $842.00 | 42 | | |
| 3 | 11/01/2016 | $0.00 | 23 | 07/01/2018 | $842.00 | 43 | | |
| 4 | 12/01/2016 | $440.00 | 24 | 08/01/2018 | $842.00 | 44 | | |
| 5 | 01/01/2017 | $440.00 | 25 | 09/01/2018 | $842.00 | 45 | | |
| 6 | 02/01/2017 | $440.00 | 26 | 10/01/2018 | $842.00 | 46 | | |
| 7 | 03/01/2017 | $440.00 | 27 | 11/01/2018 | $842.00 | 47 | | |
| 8 | 04/01/2017 | $842.00 | 28 | 12/01/2018 | $842.00 | 48 | | |
| 9 | 05/01/2017 | $842.00 | 29 | 01/01/2019 | $842.00 | 49 | | |
| 10 | 06/01/2017 | $842.00 | 30 | 02/01/2019 | $842.00 | 50 | | |
| 11 | 07/01/2017 | $842.00 | 31 | 03/01/2019 | $842.00 | 51 | | |
| 12 | 08/01/2017 | $842.00 | 32 | 04/01/2019 | $842.00 | 52 | | |
| 13 | 09/01/2017 | $842.00 | 33 | 05/01/2019 | $842.00 | 53 | | |
| 14 | 10/01/2017 | $842.00 | 34 | 06/01/2019 | $842.00 | 54 | | |
| 15 | 11/01/2017 | $842.00 | 35 | 07/01/2019 | $842.00 | 55 | | |
| 16 | 12/01/2017 | $842.00 | 36 | 08/01/2019 | $842.00 | 56 | | |
| 17 | 01/01/2018 | $842.00 | 37 | 09/01/2019 | $842.00 | 57 | | |
| 18 | 02/01/2018 | $842.00 | 38 | | | 58 | | |
| 19 | 03/01/2018 | $842.00 | 39 | | | 59 | | |
| 20 | 04/01/2018 | $842.00 | 40 | | | 60 | | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:  CASE NO: 16-51721K
James Frederic Harris

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Chapter 13 Plan was mailed, hand delivered or electronically noticed on the 27 day of October, 2016 to:

Ms. Nancy Ratchford
United States Trustee
615 E. Houston, Ste. 533
San Antonio, TX 78205

Mary K. Viegelahn
Chapter 13 Standing Trustee
10500 Heritage Blvd, Ste. 201
San Antonio, TX 78216

James Frederic Harris
12701 West Ave. Apt. 1222
San Antonio, TX 78216

MALAISE LAW FIRM
909 NE Loop 410, Suite 300
San Antonio, Texas 78209
(210) 732-6699

J. Todd Malaise/SBN: 00796984
David C. Werner/SBN: 00797651
Steven G. Cennamo/SBN: 04045600
Teresa K. Howard/SBN: 24049025

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 16-51721-rbk<br>Western District of Texas<br>San Antonio<br>Wed Oct 26 14:11:05 CDT 2016 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 | ACE Cash Express<br>1231 Greenway Dr, Ste 600<br>Irving, TX 75038-2511 |
| Attorney General of the US<br>Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530-0009 | CNU of Texas, LLC<br>175 W. Jackson Blvd., Suite 1000<br>Chicago, IL 60604-2863 | CashNetUSA<br>175 W Jackson Blvd<br>Suite 1000<br>Chicago, IL 60604-2863 |
| CashNetUSA<br>200 West Jackson, Suite 1400<br>Chicago, IL 60606-6929 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 | Indian Hollow<br>12701 West Avenue<br>San Antonio, TX 78216-1803 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JBC Funding, LLC<br>5032 Pershing Ave<br>Fort Worth, TX 76107-4805 | John Kickson MD, PA<br>P.O. Box 65071<br>San Antonio, TX 78265-5071 |
| Kia Motors Finance Co<br>PO Box 20825<br>Fountain Valley, CA 92728-0825 | (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 | Moneykey<br>3422 Old Capital Trail, Ste 1681<br>Wilmington, DE 19808-6124 |
| NCP Finance Limited Partnership<br>205 Sugar Camp Circle, Department QCCO<br>Dayton, OH 45409-1970 | Nelnet<br>Nelnet Claims<br>PO Box 82505<br>Lincoln, NE 68501-2505 | Nelnet obo Educational Credit Management Cor<br>Educational Credit Management Corp<br>PO Box 16408<br>St. Paul MN 55116-0408 |
| Pediatric Specialists of Texas<br>3 Maryland Farms Ste. 250<br>Brentwood, TN 37027-5053 | Pinnacle Credit Services<br>PO Box 640<br>Hopkins, MN 55343-0640 | Quantum3 Group LLC as agent for<br>ACE Cash Express INC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Quest Diagnostics<br>PO Box 7306<br>Hollister, MO 65673-7306 | Synchrony Bank/Care Credit<br>PO Box 965064<br>Orlando, FL 32896-5064 | Texas Higher Education<br>P.O. Box 12788<br>Austin, TX 78711-2788 |
| Texas Workforce Comission<br>PO Box 149080<br>Austin, TX 78714-9080 | The Cash Store<br>7117 Blanco Rd., Ste. 2<br>San Antonio, TX 78216-5015 | Toyota Motor Credit Company<br>19001 S Western Ave<br>Torrance, CA 90501-1196 |
| US Attorney's Office<br>601 NW Loop 410, Ste 600<br>San Antonio, TX 78216-5597 | USAA Insurance<br>9800 Fredericksburg Road<br>San Antonio, TX 78288-0002 | USAA Savings Bank<br>10750 McDermott Freeway<br>San Antonio, TX 78288-1600 |

| | | |
|---|---|---|
| United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 | VA Regional Office<br>Office of District Counsel<br>2515 Murworth Dr<br>Houston, TX 77054-1603 | Veterans Affairs Regional Office<br>Debt Management Center<br>6900 Almeda Road<br>Houston, TX 77030-4200 |
| J. Todd Malaise<br>909 NE Loop 410, Suite 300<br>San Antonio, TX 78209-1315 | James Frederic Harris<br>12701 West Ave. Apt. 1222<br>San Antonio, TX 78216-1865 | Mary K Viegelahn<br>Chapter 13 Trustee<br>10500 Heritage Blvd Suite 201<br>San Antonio, TX 78216-3631 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Military Star/AAFES
PO Box 650060
Dallas, TX 75265

End of Label Matrix
Mailable recipients  35
Bypassed recipients   0
Total               35